IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JERRELL SIMS, | § |
| Movant, | § § § |
| VS. | §  NO. 4:19-CV-170-P |
| | §  (NO. 4:16-CR-048-Y) |
| UNITED STATES OF AMERICA, | § § |
| Respondent. | § § |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Jerrell Sims ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. The court, having considered the motion, the government's response, the reply, the record in the underlying criminal case, No. 4:16-CR-048-Y, and applicable authorities, finds that the motion should be denied.

## BACKGROUND

The record of the underlying criminal case reflects the following:

On March 16, 2016, movant was named in a one-count indictment charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). CR Doc.[1] 12. The complaint underlying the indictment alleged that, on February 24, 2016, authorities executed a narcotics search warrant in Room 23 of the Luxury Inn Motel in Fort Worth and found movant, two loaded pistols, and various drugs. CR Doc. 1. Movant admitted that he was staying in Room 23 and advised that the guns were not his but that he kept them for protection. Id. The complaint further alleged that movant had sustained several prior felony convictions, including burglary of

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:16-CR-048-Y.

a habitation, aggravated robbery with a deadly weapon, kidnapping, aggravated assault on a jail guard, evading arrest or detention, and drug possession. Id.

On March 30, 2016, movant appeared for arraignment and entered a plea of not guilty. CR Doc. 15. Movant was tried by a jury and convicted. CR Doc. 49. He was sentenced to a term of imprisonment of 87 months. CR Doc. 68. He appealed, CR Doc. 70, and his conviction and sentence were affirmed. United States v. Sims, 698 F. App'x 230 (5th Cir. 2017). His petition for writ of certiorari was denied. CR Doc. 94.

## GROUNDS OF THE MOTION

Movant sets forth four grounds in support of his motion, all based on ineffective assistance of counsel. Doc.[2] 1 at PageID[3] 5. He discusses these as seven different issues in his memorandum in support of the motion. Doc. 5. He says his counsel did not (1) call the only alibi witness movant had, (2) negotiate a plea deal, (3) inform movant of his right to plead guilty, (4) investigate the validity of the search warrant, (5) adequately challenge the upward variance, (6) challenge the admissibility into evidence of an uncharged gun, and (7) render effective assistance on appeal because he appealed the wrong enhancement and did not raise any meritorious issues. Id.

## STANDARDS OF REVIEW

**28 U.S.C. § 2255**

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-65 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant

---

[2] The "Doc. __" reference is to the number of the item on the docket in this civil action.
[3] The "PageID __" reference is to the page number assigned by the court's electronic filing system and is used because the typewritten page number on the form used by movant is not the actual page number.

can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

**Ineffective Assistance of Counsel Claims**

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors

"so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

## ANALYSIS

In his first ground, movant contends that his counsel was ineffective because he failed to call an alibi witness, Brenda Bennett ("Bennett"), who would have testified that the firearms found in Room 23 were hers. He says that Bennett's testimony

> would have changed the outcome of the trial because the prosecution did not introduce any direct evidence at the trial that linked [movant] to the firearms that were found in Room 23. Her testimony would have buttressed the undisputed evidence that Ms. Bennett and Burges lived in Room 23, not [movant]. The evidence at the trial established that Ms. Bennet [sic] had the room key and her and Ms. Burgess's belongings and clothes were in the room, not [movant's].

Doc. 5 at 6. None of these things are true. The record reflects that movant rented Room 23. CR Doc. 80 at 88. He had quite a few visitors to the room. Id. at 91. Movant told officers that "some dude" had left the guns in the room for movant's protection. Id. at 140. He said that one of the guns did not work. Id. at 139. And, the closet in Room 23 contained predominantly men's clothing. Id. at 123.

Complaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have said are largely speculative. Buckelew, 575 F.2d at 521. To establish ineffective assistance based on failure to call a particular witness, movant must identify the witness, demonstrate that the witness

4

was available to testify and would have done so, set out the content of the proposed testimony, and show that it would have been favorable to the defense. Day v. Quarterman, 566 F.3d 527, 538 (5th Cir. 2099). Movant must also show a reasonable probability that the testimony would have made a difference to the result. United States v. Cockrell, 720 F.2d 1423, 1427 (5th Cir. 1983).

Here, the record reflects that movant had listed Bennett as a witness. CR Doc. 39. The presumption is that counsel made a strategic choice not to call her to testify. Buckley v. Collins, 904 F.2d 263, 265-66 (5th Cir. 1990). The record supports that presumption. Bennett's declaration[4] highlights facts that would not have helped, but rather harmed movant at trial. For example, Bennett engaged in prostitution in Room 23. Doc. 13 at PageID 102. She says that she would have testified that the room was rented by a female friend of hers, id., but the general manager of the Luxury Inn Motel testified that movant rented the room. CR Doc. 80 at 88, 95. Bennett says she would have testified that movant did not know about the guns, Doc. 13 at PageID 102, but movant admitted to officers that the guns had been left in the room for his protection. CR Doc. 80 at 140. And, movant knew that one of the guns did not work. Id. at 139. In addition, having Bennett testify would have opened the door to questions regarding the drugs found in the room at the time the search warrant was executed.

In his second ground, movant asserts that his counsel was ineffective for failing to negotiate a plea agreement. The argument is wholly conclusory and fails to raise a ground for relief. Doc. 5 at 7-8. In fact, the record reflects that counsel did attempt to reach a resolution without trial. CR

---

[4] The declaration was filed with movant's reply. Doc. 13. It is dated August 28, 2018, almost one year before it was provided to the court, causing the court to question when it was written. Even if timely submitted, the declaration does not establish that movant is entitled to relief.

Doc. 79 at 4. And, in any event, a defendant does not have a constitutional right to a plea bargain. Weatherford v. Bursey, 429 U.S. 545, 561 (1977).

In his third ground, movant argues that counsel did not advise him of his right to plead guilty. He argues that, even though he is innocent, he would have pleaded guilty to obtain the three-point reduction for acceptance of responsibility. Doc. 5 at 9-10. The argument is absurd. Merely entering into a plea does not automatically constitute acceptance of responsibility. United States v. Cano-Guel, 167 F.3d 900, 906 (5th Cir. 1999). Movant's unremitting denials of guilt to this date show that he would not have met the requirements of U.S.S.G. § 3E1.1 to demonstrate acceptance of responsibility.

In his fourth ground, movant argues that counsel did not investigate the validity of the search warrant for Room 23 and file a motion under Franks v. Delaware, 438 U.S. 154 (1978). Doc. 5 at 11-13. Movant says that the statement in the search warrant affidavit that officers followed a confidential informant to the 2100 block of East Lancaster and observed him enter Room 23 was "false and was made intentionally or with reckless disregard for the truth" because it was impossible for anyone to observe Room 23 from East Lancaster. Id. at 12. Of course, there is no evidence to support the contention that Room 23 cannot be observed from East Lancaster.[5] The affidavit does not state that the officers stopped at any particular location. Rather, it states that officers observed the confidential informant enter Room 23. But, even if the statement was false, there is no evidence that it was made intentionally or with reckless disregard. Further, as the government points out, the affidavit shows that the information provided by the confidential informant is trustworthy and sufficient to support the issuance of the warrant. Doc. 9. A

---

[5] The declaration attached to the memorandum does not establish any facts. It simply says that the "statements in my § 2255 petition are true based on my personal knowledge or to the best of my information and belief." Doc. 5 at PageID 34.

presumption of validity attaches to the affidavit supporting the search warrant. Franks, 438 U.S. at 171. Movant has not overcome the presumption. Nor has he shown that his counsel was ineffective in this regard.

Movant next argues, in his fifth ground, that his counsel rendered ineffective assistance because he did not adequately challenge "the upward variance." Doc. 5 at 14-16. He says that he "had important explanation to his criminal history that his counsel should have conveyed to the court." Id. at 14. He gives as an example that he only pleaded guilty to the kidnapping charge because he had been in jail three years waiting trial and was told that he could be released if he would plead guilty. Id. However, movant cannot attack an underlying judgment used for sentencing enhancement unless he was denied counsel in the underlying case. Custis v. United States, 511 U.S. 485, 496 (1994); United States v. Rodriguez-Perez, 428 F. App'x 324, 328 (5th Cir. 2011). Movant also refers to "his mental issues," Doc. 5 at 14, 15, but does not elaborate. The presentence report outlined movant's mental health history in detail. Doc. 51, ¶¶ 99-103. His counsel discussed that history in his combined sentencing memorandum and motion for downward departure. CR Doc. 57. Counsel also argued against upward variance or departure in his objections to the presentence report. CR Doc. 55 at 5-6. And, he argued at the sentencing hearing for a sentence at the bottom of the guidelines. CR Doc. 82 at 6. Movant also alleges that his counsel did not object when the court did not explain its reasons for the upward variance, Doc. 5 at 15, and that counsel did not object when the court did not follow the methodology set forth in U.S.S.G. § 4A1.3. Id. at 15-16. The record belies the allegation that the court failed to explain its reasons for the upward departure. CR Doc. 82 at 10-11. Its explanation was sufficient. United States v. Moody, 202 F. App'x 43, 44 (5th Cir. 2006) (citing United States v. Simkanin,

420 F.3d 397, 416 n.21 (5th Cir. 2005)). Counsel cannot have been ineffective for failing to make frivolous objections. United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999).

In his sixth ground, movant says that his counsel rendered ineffective assistance because he did not challenge the admissibility into evidence of the uncharged gun. Doc. 5 at 16. The argument is wholly conclusory and nonsensical. No purpose would have been served by objecting to evidence regarding the second gun. Movant admitted that he obtained both guns found in Room 23 from the same person. Movant's counsel did the best he could, pursuing questions and argument suggesting that two old rusty cracked guns had been left in the room and certainly did not belong to movant. See, e.g., CR Doc. 80 at 85 CR Doc. 81 at 27-28.

Finally, movant argues that he received ineffective assistance on appeal because his counsel failed to raise any meritorious issues. Doc. 5 at 17. He does not explain what those issues might have been. His conclusory allegation is insufficient. Miller, 200 F.3d at 282.

## ORDER

The court ORDERS that movant's motion be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED October 19, 2020.

Mark T. Pittman
UNITED STATES DISTRICT JUDGE